USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____6/4/2025____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE EYEWEAR ANTITRUST
LITIGATION

This Document Relates To:

ALL ACTIONS

Case No.: 1:24-cv-04826-MKV-GS

**STIPULATION AND [PROPOSED]**
**PROTECTIVE ORDER**

WHEREAS Plaintiffs and Defendants (collectively, the "Parties") in the above-captioned matter agree that the proceedings may involve the discovery and disclosure of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, Documents, and other materials;

WHEREAS the Parties agree that such "Confidential" or "Highly Confidential" information will be disclosed only as provided herein;

WHEREAS the Parties may serve subpoenas for production of Documents on certain other individuals and entities that are not Parties, but that may be entitled to the same types of privileges, protections, and assurances of confidentiality available to or agreed upon by the Parties;

WHEREAS, because a purpose of this Stipulation is to protect and preserve confidential Discovery Material, the Parties agree they are bound as follows from and after the date their Outside Counsel have signed it, even if such execution occurs prior to Court approval;

THEREFORE, the Parties seek entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of materials designated as "Confidential" or "Highly Confidential" on the terms set forth herein.

**THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

**I.    DEFINITIONS**

1.   "Action" means the above-captioned litigation, *In Re Eyewear Antitrust Litigation*, Case No.

1:24-cv-04826-MKV(GS), which is currently pending in the United States District Court for the Southern District of New York, and includes all related actions.

2. "Confidential Information" means any Discovery Material or any portion thereof (regardless of how generated, stored, or maintained) that contains certain confidential or proprietary business, commercial, research, personnel, product, or financial content belonging to the Producing Party or Non-Party that has not been made public or is not otherwise available or accessible in the public domain. Confidential Information may appear within one or more of the following categories: (i) information prohibited from disclosure by statute or contractual agreement; and (ii) Personally Identifiable Information ("PII").

3. "Counsel" means Outside Counsel and In-House Counsel (as well as their Support Staffs).

4. "Counsel of Record" means the attorneys who have entered a notice of appearance in this Action.

5. "Designating Party" means any Party or Non-Party that has a valid confidentiality interest in Discovery Material and designates such Discovery Material as Protected Material in accordance with this Order.

6. "Discovery Material" means all information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that is produced, used, or generated in disclosures or responses to discovery in this Action, regardless of whether the disclosures or responses to discovery occurred prior to the entry of this Order.  Discovery Materials include, but are not limited to: initial disclosures, written responses to discovery requests, all Documents produced in discovery, all deposition testimony and exhibits, and other tangible materials.

7. "Document" has the broadest meaning and scope consistent with Federal Rule of Civil Procedure 34(a)(1)(A) and Local Rule 26.3, and includes both ESI and paper or hard copy documents.

8. "Electronically Stored Information" or "ESI" is defined to be synonymous in meaning and scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

9. "Expert" means a person who has specialized knowledge or experience in a matter pertinent to this Action – including his or her employees and Support Staff, and including firms (and their employees) whose normal business includes the provision of support services to expert witnesses – who is not an employee of a Party, and who has been retained by a Party or its Counsel to serve as an expert witness or an expert consultant, including without limitation a professional jury or trial consultant retained in connection with this Action.  Experts include both testifying experts and non-testifying expert consultants.

10. "Highly Confidential" Information means any otherwise Confidential Discovery Material, or any portion thereof (regardless of how generated, stored, or maintained), that is so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; and (iii) its disclosure to existing or potential competitors or customers would cause injury to the business, commercial, competitive, or financial interests of the Producing Party or Non-Party. By way of example only, Highly Confidential Information could include material that discloses: (a) current or future business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, production, output, sales, marketing, or distribution practices; (c) research and development information; (d) manufacturing know-how or technology; (e) board of directors materials and presentations; (f) customer lists or

information; (g) negotiation strategies; (h) proprietary software, systems, or processes; (i) margin, cost, and pricing information; (j) intellectual property; (k) employee training materials; (l) employee recruitment and retention strategies; and/or (m) trade secrets or other confidential research, development, technical know-how, or commercial information, for which a good faith claim can be made that, if disclosed, such confidential information is likely to cause significant competitive or commercial harm.

11. "In-House Counsel" means attorneys who are employees in the legal departments of a Party to this Action (and their Support Staff). In-House Counsel does not include Counsel of Record or any other Outside Counsel.

12. "Non-Party" means any individual or entity that is not named as a Party to this Action.

13. "Outside Counsel" means (i) Counsel of Record in this Action for (a) a Party or (b) a Non-Party that has been served with a subpoena in this Action, including on appeals, and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for purposes of this Action. In-house Counsel and/or any employees of any Party or Non-Party are not "Outside Counsel."

14. "Party" (plural, "Parties") means any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their Support Staffs.

15. "Person" means any natural person, partnership, corporation, association, or other legal entity, as well as its parents, subsidiaries, affiliates, board members, officers, employees, agents, attorneys, and representatives.

16. "PII" or "Personally Identifiable Information" means biometric information, payment card numbers, financial or bank account numbers and information, social security numbers, driver's license numbers, medical information, employer identification numbers, taxpayer

identification numbers, personal passcodes, passport numbers, a foreign government's equivalent of any of these numbers or identifiers, or personal contact information of individuals who do not work in the eyewear industry and/or do not work for a Party or a Party's competitors.

17. "Producing Party" means any Party or Non-Party that discloses or produces any Discovery Material in this Action.

18. "Protected Material" means any Discovery Material that is designated as "Confidential" or "Highly Confidential" as provided for in this Order. Protected Material shall not include materials that have been published or publicly disseminated or are lawfully in the public domain.

19. "Receiving Party" means any Party who receives Discovery Material from a Producing Party in this Action.

20. "Support Staff" means litigation support personnel who are employed by, hired by, or retained by Counsel, Experts, and Vendors to provide administrative, secretarial, technical, or logistical support (e.g., photocopying, videotaping, transcribing oral testimony, translating, preparing exhibits or demonstrations, and collecting, organizing, storing, or retrieving Discovery Material or data in any form or medium) in connection with this Action.

21. "Vendors" means outside persons or entities that are retained to provide litigation support services and their employees and subcontractors.

**II.   <u>SCOPE</u>**

22. All Discovery Materials are subject to this Order as set forth below.

23. Protected Material shall not be used or disclosed, directly or indirectly, by the Parties, Counsel for the Parties, or any other Persons for any purpose whatsoever other than to prepare for and conduct discovery and trial in this Action, including any appeal thereof.

24. This Order confers protections over Protected Material (as defined in Paragraph 18 above), regardless of the medium or manner generated, stored, maintained, or revealed. The protections also cover any information copied or extracted from Protected Material, all copies, excerpts, summaries, or compilations thereof, and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

25. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party, becomes part of the public domain at the time of disclosure to a Receiving Party, or becomes part of the public domain after its disclosure to a Receiving Party either (1) as a result of publication not in violation of this Order, including becoming part of the public record through trial or otherwise; or (2) as a result of publication not in violation of another court's order or other agreement to keep such information confidential; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

26. Nothing in this Order shall be construed to limit the use of any Discovery Material in any written submissions to the Court, or at any trial or hearing in this matter, provided that the Parties take necessary advance precautions to avoid the public disclosure of Protected Material.

27. Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

28. Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing, subject to that Party following the procedures set forth herein, including sealing any such Protected Material.

29. This Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

## III.    DESIGNATING PROTECTED MATERIAL

30. **Available Designations.** Any Party or Non-Party may designate Discovery Material as "Protected Material" by identifying it as "Confidential" or "Highly Confidential," provided that it meets the definitions of those terms provided above.

31. **Exercise of Restraint and Care in Designating Material for Protection.**  Each Party or Non-Party that designates information for protection under this Order must limit any such designation to specific material that qualifies under appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. A Designating Party must designate for protection only those parts of Discovery Materials that qualify, so that other portions of Discovery Materials for which protection is not warranted are not swept within the ambit of this Order. If it comes to a Party's or Non-Party's attention that information it designated for protection does not qualify for protection or does not qualify for the level of protection asserted, that Party or Non-Party must promptly withdraw the mistaken designation and, if applicable, designate a different level of protection.

32. **Form of Designation on Written Discovery Material.**  Written Protected Material (which includes "ESI") shall be identified by affixing a marking on the Discovery Material identifying its confidentiality designation, in a manner that will not interfere with the legibility of the Discovery Material and that will permit complete removal of the confidentiality designation. Discovery Materials should be designated as Protected Material prior to or at the time of the production or disclosure of the Discovery Material. When ESI is produced which cannot itself be marked as Protected Material with the appropriate confidentiality designation, the physical media on which such ESI is produced should be marked with the applicable designation or the

cover sheet to such ESI shall be marked with the applicable designation. Any Party using a physical copy of such unmarked Protected Material in a deposition is responsible for indicating on the physical copy or copies used in the deposition that the materials were designated as Protected Material by affixing a label indicating the designation.  By written stipulation the Parties may agree temporarily to designate original Discovery Materials that are produced for inspection as Protected Material, even though the original Discovery Materials being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of Discovery Materials that are selected for copying during such an inspection shall be marked as Protected Material as required under this Order, and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation of Discovery Material as Protected Material does not mean that the Discovery Material has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order.

33. **Information Produced in Any Other Tangible Manner.**  The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as Confidential or Highly Confidential.

34. **Form of Designation – Native Files.**  Where electronic files and Documents are produced in native electronic format, such electronic files and Documents shall be designated for protection under this Order by appending information to the file names or designators

indicating whether the file contains "Confidential" or "Highly Confidential" material, or by using any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or Documents are printed for use at deposition, in a court proceeding, or as otherwise provided herein, the Party printing the electronic files or Documents shall affix a legend to the printed Document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

35. **<u>Depositions.</u>**  Deposition testimony (whether in writing or video) shall be deemed Protected Material only if designated as such. Parties or testifying Persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony should be designated within thirty (30) days of receipt of the official (non-draft) transcript and/or video. The Designating Party should indicate the specific pages and lines of the transcript and/or the specific exhibit(s) that are to be designated as Protected Material. If no indication on the record is made, all information disclosed during a deposition shall be deemed "Highly Confidential" for thirty (30) days after the official (non-draft) transcript of the deposition has been prepared by the Court reporter and delivered to the Parties. During that thirty-day (30-day) time period, any Party or testifying Person or entity may designate a portion or all of the transcript as Protected Material by informing the court reporter and the attendees at the deposition of the designation in writing. If no Party or testifying Person or entity seeks to designate any portion of the transcript as Protected Material, the transcript need not be treated as confidential. The court reporter shall provide a final copy of the transcript that reflects any designations of pages of the transcript as Confidential or Highly

Confidential in the lower left-hand column of each designated page.  In the event that the court reporter has not produced a transcript with the appropriate designations, the Parties must nevertheless provide any unmarked transcripts with the protections afforded by the designation.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Order in this matter or pursuant to written stipulation of the parties." Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any Person who is not authorized by this Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material. Deposition witnesses shall not retain a copy of Discovery Materials designated as Protected Material, except deposition witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. After the deposition witness reviews the transcript, the witness must return or destroy the Protected Material if it was not produced or designated by the witness.

## IV.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

36. Any designation of Protected Material is subject to challenge by any Party or Non-Party with standing to object. If the Receiving Party wishes to challenge the designation of confidentiality, it may do so by letter or email to Counsel for the Designating Party at any time prior to 90 days before the first day of trial or seven (7) days after the Parties' exchange of preliminary trial exhibit lists, whichever is later. The written notice shall identify the

information to which the objection is made and the basis for that objection.

37. The challenging party and the Designating Party shall attempt to resolve each challenge in good faith and must meet-and-confer within seven (7) business days of the service of such notice.

38. If agreement is reached confirming or waiving the confidentiality designation as to any Discovery Materials subject to the objection, the Parties shall memorialize the agreement in writing, specifying the Discovery Materials and the nature of the agreement.

39. If the Parties cannot resolve the objection, the Parties shall raise the issue to the Court within fourteen (14) days of the conclusion of their meet-and-confer, by submitting, in accordance with Local Civil Rule 37.2 and the Court's Individual Civil Practice Rule 3(D), a joint letter to the Court outlining the dispute. It shall be the obligation of the Designating Party to prepare the letter in compliance with the Court's local and individual rules, to insert a description of its basis for claiming the disputed information is properly designated, and to provide a draft to the Receiving Party no later than six (6) days before the letter is to be submitted to the Court. The Designating Party shall also file the final, agreed upon letter with the Court.

40. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to delay, harass, or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.

41. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

42. **<u>Action by the Court</u>**. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make any orders that may be appropriate with respect to the

use and disclosure of any Discovery Material produced or used in discovery or at trial.

## V.    ACCESS TO PROTECTED MATERIALS

43. Any Person receiving Protected Material under this Order shall not disclose or permit the disclosure of such Protected Material to any third person or entity except as set forth in this Order.

44. **Disclosure of Protected Materials**.  The following categories of Persons may be allowed to review the following categories of Protected Materials:

a) *The Court*.  The Court, jurors, and court personnel may review "Confidential" and/or "Highly Confidential" materials;

b) *Private Neutrals*.  Private arbitrators and mediators involved in resolving disputes over claims in the Action as well as their Support Staff may review "Confidential" and/or "Highly Confidential" materials, provided they have signed a non-disclosure agreement in the form attached as Exhibit A;

c) *Outside Counsel*.  Outside Counsel and their Support Staff are allowed to review "Confidential" and/or "Highly Confidential" materials.  However, Outside Counsel for Non-Parties and their Support Staff are only permitted to see Protected Materials related to their own clients, so long as such Protected Materials were already in the possession, custody, and/or control of the Non-Parties prior to being produced in discovery in this Action;

d) *In-House Counsel*.  In-House Counsel for the Parties are allowed to review "Confidential" material, provided that they have signed a non-disclosure agreement in the form attached as Exhibit A.  In-House Counsel responsible for this Action may also review pleadings, briefs, expert reports, and other court filings (or drafts of the same) sufficient to carry out their responsibilities, regardless of whether those documents contain "Confidential"

materials or contain information derived from "Confidential" materials;

e) ***Corporate Decision-Makers***.  For Parties that are corporations or other business entities, those Parties' managers and executives who are required to participate in decisions with reference to this lawsuit may review "Confidential" materials, with disclosure only to the extent reasonably necessary for the Party's participation in the Action as determined in good faith by Outside Counsel, provided the individuals have signed non-disclosure agreements in the form attached as Exhibit A;

f) ***Named Plaintiffs***.  A named plaintiff may review the following six categories of "Confidential" or "Highly Confidential" materials, with disclosure only to the extent reasonably necessary for the named plaintiff's participation in the case as determined in good faith by the plaintiff's Outside Counsel, provided the named plaintiff has signed a non-disclosure agreement in the form attached as Exhibit A: (1) complaints; (2) answers; (3) written discovery requests; (4) written discovery responses and objections; (5) references to or excerpts of the Confidential or Highly Confidential materials referenced in (1)-(4) that are contained in filings submitted to the Court; and (6) any Discovery Material in which the named Plaintiff's own name appears.  For the avoidance of doubt, nothing in this paragraph prevents any named Plaintiffs from reviewing their own or any other named Plaintiffs' Confidential or Highly Confidential Discovery Materials or information;

g) ***Authors and Recipients***.  Any natural person who was either an author, recipient or custodian of the Document or information in question, as indicated on the face or in the metadata of the Document (or in a document in the Document's family), may have access to those "Confidential" and/or "Highly Confidential" materials, provided the natural

person is currently employed by (or is) the Producing Party or Designating Party. Any natural person who was either an author, recipient, or custodian of the Document or information in question, as indicated on the face or in the metadata of the Document (or in the Document's family), but who is not then currently employed by the Designating Party or Producing Party and who is not the Designating Party or the Producing Party, may be shown: (a) "Confidential" and/or "Highly Confidential" materials when testifying at deposition, provided that they shall not retain any copy of "Confidential" or "Highly Confidential" materials, except that they may receive a copy of all exhibits marked during their deposition testimony in connection with their review of the transcripts, but may not make or disseminate any copies of the exhibits and shall be required to return the Protected Materials to the court reporter or delete them within a 30-day period from receipt of the materials; (b) their deposition testimony and exhibits to their deposition marked as "Confidential" and/or "Highly Confidential" when preparing in good faith to testify in a court evidentiary hearing or at trial, provided that such a hearing has been scheduled and the natural person may not make, disseminate, or retain copies of the Protected Materials; and (c) "Confidential" and/or "Highly Confidential" materials when testifying in a court evidentiary hearing or at trial, provided that they shall destroy and not retain any copy of Protected Materials following their testimony unless it was disclosed in the public court record. Pages of transcribed testimony or exhibits to testimony that are designated as "Confidential" or "Highly Confidential" must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

h) ***Subjects of Documents***. Any natural person identified in a "Confidential" and/or "Highly Confidential" Document, or whose conduct or communications are described in that

Document, may review that Document; however, in such cases, their review shall be limited to that portion of the Document or information relating to such conduct or communication or such additional portion of the document as reasonable to provide appropriate context;

i) ***Corporate Witnesses***.  Any person designated as a corporate witness for the Producing Party pursuant to Fed. R. Civ. P. 30(b)(6) may be shown "Confidential" or "Highly Confidential" Discovery Material, provided that Counsel for the Party intending to disclose the information has a good faith basis for believing such Discovery Material is relevant to the topic(s) for which the person has been designated for deposition.

j) ***Experts***.  Experts for the Parties and the Experts' Support Staff are allowed to review "Confidential" and/or Highly Confidential" materials for purposes reasonably related to the scope of the Experts' work in this litigation, provided they have signed a non-disclosure agreement in the form attached as Exhibit A;

k) ***Insurers***.  The Receiving Party's insurers and the insurers' employees who have signed Exhibit A may receive copies of "Confidential" and "Highly Confidential" information, but only to the extent necessary for purposes relevant to the insurance claim;

l) ***Vendors***.  Vendors retained by Outside Counsel for the Parties to assist in managing their legal practice or preparing for pretrial discovery, trial, or hearings—including, but not limited to, document hosting or management vendors, docket management providers, litigation support personnel, investigators, court reporters, videographers, jury consultants, mock jurors, focus group participants, translators, interpreters, reprographic vendors, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their Support Staff, whose duties and

responsibilities require access to such materials—may access "Confidential" and/or "Highly Confidential" Discovery Materials, provided that mock jurors and focus group participants have agreed in writing to language substantially similar to that set forth in Exhibit B;

m) **_Others by Consent_**.    Other Persons may access "Confidential" and/or "Highly Confidential" Discovery Materials only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered. All such Persons shall execute the certification contained in Exhibit A.

45. For the avoidance of doubt, where multiple sub-paragraphs of Paragraph 44 apply, the sub-paragraph that affords the greatest access will apply.

46. To the extent any person is required to complete the certification contained in Exhibit A, facsimile signatures or signatures transferred in electronic format (e.g., PDF) shall be treated as original signatures for the purposes of this Order.

47. Nothing herein shall impose any restriction on the use or disclosure by a Party or its agent of: (a) its own information; (b) information that was in the public domain at the time of its disclosure to a Receiving Party; (c) information that becomes part of the public domain after its production to a Receiving Party as a result of publication not involving a violation of this Order; or (d) information that lawfully came into the possession of the Party independent of any disclosure or discovery in this Action.

## VI.    COUNSEL'S RELIANCE ON PROTECTED INFORMATION

48. Nothing in this Order is intended to bar or otherwise prevent any Counsel from rendering advice to his or her client with respect to this Action and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Protected Material. However, Counsel shall not disclose the content of Protected Material, unless such disclosure

is expressly permitted under the terms of this Order.

## VII.    NO GREATER PROTECTION OF SPECIFIC INFORMATION

49. Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery or redact documents other than for PII on the ground that it requires protection greater than that afforded by this Order, unless the Party moves for an order providing such special protection at least twenty-one (21) days before the deadline for producing such information.

## VIII.    SAFEGUARDING PROTECTED MATERIAL

50. Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Protected Material pursuant to the terms of this Order. The recipient of any Protected Material that is produced under this Order shall maintain such Protected Material in a secure and safe area and shall exercise the same standard of due and proper care over such Protected Material as with respect to its own Protected Material.

51. Any Confidential PII (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential.  In the event that the Person receiving PII experiences a data breach, she, he, or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach.  Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

52. Counsel shall maintain the originals of the forms signed by Persons acknowledging their obligations (e.g., Exhibit A) under this Order for a period of one (1) year after dismissal of the

Action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

## IX.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

53. If a Party is served with a subpoena, an order, or other legally enforceable demand issued in other litigation or proceedings before any administrative or legislative body, or any other person or organization purporting to have authority to subpoena that would compel disclosure of any Protected Material, the  Party must so notify the Designating Party in writing (by email, if possible) immediately and in no event more than three (3) business days after receiving the subpoena, order, or demand.  Such notification must include a copy of the subpoena, order, or demand.  The Party who is served with the subpoena, order, or demand also must immediately, and in any event within three (3) business days of service of the subpoena deliver a copy of this Order to the party in the other proceeding that caused the subpoena, order, or demand to issue, and inform that party in writing that some or all the material covered by the subpoena, order, or demand is the subject of this Order.

54. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interests in the court or body from which the subpoena, order, or demand issued. The Designating Party shall bear the burden and expense of seeking protection of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Action to disobey a lawful directive from another court or body authorized to issue such directives.

## X.   INADVERTENT DISCLOSURE OR FAILURE TO DESIGNATE

55. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of "Confidential" or "Highly Confidential" material that should have been designated as such,

regardless of whether the Discovery Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific Discovery Material disclosed or as to any material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing Counsel for all Parties to whom the material was disclosed that the material should have been designated "Confidential" or "Highly Confidential" within a reasonable time after discovery of the disclosure. Such notice shall constitute a confidentiality designation of the Discovery Material as "Confidential" or "Highly Confidential" under this Order.

56. If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Party must promptly upon learning of such disclosure: (a) notify in writing the Designating Party of the unauthorized disclosures and to the extent feasible identify the Bates-labeled number of the unauthorized disclosure; (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information; (c) use reasonable best efforts to retrieve all copies of the Protected Material; (d) use reasonable best efforts inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (e) use reasonable best efforts to request such Person(s) to execute Exhibit A.

57. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential Information.

## XI.    FILING PROTECTED MATERIALS UNDER SEAL

58. Pursuant to Federal Rule of Civil Procedure 5.2, the Parties shall redact from public court

filings certain sensitive information.  In the event a Party seeks to file any Discovery Material containing Protected Material with the Court, that Party must, in accordance with Fed. R. Civ. P. 5.2(d), make an application—either before or accompanying the filing of the Protected Material—for permission to either redact or file the Protected Material under seal.  The Parties will comply with any requirements set forth in the Court's Individual Civil Practice Rules.

## XII.  NON-PARTIES AND ADDITIONAL PARTIES

59. In conducting discovery from Non-Parties, the Parties shall attach this Order to a copy of any subpoena or other discovery request. Non-Parties from whom discovery is requested are entitled to the protections of this Order in responding to such requests.

60. In the event that a new Party is added, substituted, or otherwise brought into this Action, this Order will be binding on and inure to the benefit of the new Party.

## XIII.  USE OF PROTECTED MATERIAL AT TRIAL AND IN HEARINGS

61. The Parties agree to make reasonable, good faith efforts to meet and confer in advance of any hearing or trial concerning procedures for the use of any Protected Material at the hearing or trial.

## XIV.  DURATION AND OBLIGATION ON CONCLUSION OF ACTION

62. **Order Remains in Effect**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

63. **Return of Protected Material**. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Protected Material treated as Confidential or Highly Confidential under this Order, including copies, shall be returned to the Producing Party or, after notice, destroyed unless the Protected Material has been offered into evidence or filed without restriction as to disclosure. If the Receiving Party elects to destroy the Protected Material, it must certify in writing to the Producing Party that it has done so within sixty (60)

days after dismissal or entry of final judgment not subject to further appeal. Notwithstanding the above requirements to return or destroy Protected Material, Counsel may retain attorney work product, including an index which refers or relates to Protected Material, so long as that work product does not duplicate verbatim substantial portions of the text or images of Protected Materials. For archival purposes, Outside Counsel may also retain complete copies of all transcripts and pleadings including any exhibits attached thereto. Any Protected Materials that are not returned or destroyed shall continue to be Protected Materials under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use Protected Material.  To the extent that any Counsel believes that they have an obligation, under the applicable rules of professional conduct in the state(s) in which they practice, to retain Protected Material for more than sixty (60) days following the dismissal or entry of final judgment not subject to further appeal, that Counsel shall notify Counsel for all other Parties of such obligation in writing within that sixty-day (60-day) time period.  Counsel for the Parties shall meet and confer within fourteen (14) days of receiving such written notice to discuss an alternate arrangement for the disposition of Protected Materials if state rules of professional conduct apply.

64. **Return of Documents Filed under Seal**. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to Counsel for the Parties or, after notice, destroy Protected Material filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

## XV.    MISCELLANEOUS

65. **Right to Further Relief.**  Nothing in this Order abridges the right of any person with standing concerning the subject matter for good cause shown following notice to all Parties and an opportunity for them to be heard to seek its modification by the Court in the future.

66. **Right to Assert Other Objections.**  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

67. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other Person with standing concerning the subject matter. This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain material not be produced at all. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's Individual Civil Practice Rules or other relevant orders.

68. **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any Discovery Material designated Confidential or Highly Confidential Information by Counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific Discovery Material or issue.

69. **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all Counsel and their law firms, the Parties, and Persons made subject to this Order by its terms.


**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

DATED:   June 4, 2025

_____
Hon. Mary Kay Vyskocil
United States District Court Judge

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: June 4, 2025

                                        **LATHAM & WATKINS LLP**

                                        */s/ Ashley M. Bauer*
                                        Christopher S. Yates (*pro hac vice*)
                                        Belinda S Lee (*pro hac vice*)
                                        Ashley M. Bauer (*pro hac vice*)
                                        Alicia R. Jovais (*pro hac vice*)
                                        505 Montgomery Street, Suite 2000
                                        San Francisco, CA 94111-6538
                                        Telephone:     (415) 391-0600
                                        Facsimile:     (415) 395-8095
                                        chris.yates@lw.com
                                        belinda.lee@lw.com
                                        ashley.bauer@lw.com
                                        alicia.jovais@lw.com

                                        Lawrence E. Buterman
                                        1271 Avenue of the Americas
                                        New York, NY 10020
                                        Telephone:     (212) 906-1200
                                        Facsimile:     (212) 751-4864
                                        lawrence.buterman@lw.com

                                        *Attorneys for Defendants Essilor International*
                                        *SAS, Essilor Laboratories of America, Inc.,*
                                        *Essilor of America, Inc., EssilorLuxottica*
                                        *America SAS (formerly Luxottica U.S.*
                                        *Holdings Corp.), EssilorLuxottica S.A.,*
                                        *EssilorLuxottica USA Inc., EyeMed Vision*
                                        *Care, LLC, For Eyes Optical Company,*
                                        *GrandVision B.V., Luxottica Group S.p.A.,*
                                        *Luxottica of America Inc., and Vision Source,*
                                        *LLC (formerly Vision Source, LP)*

*/s/ Heidi M. Silton*

Heidi M. Silton (*pro hac vice*)
Jessica N. Servais (*pro hac vice*)
Joseph C. Bourne (*pro hac vice*)
Antonia M. Konkoly (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:    (612) 339-6900
hmsilton@locklaw.com
jnservais@locklaw.com
jcbourne@locklaw.com
amkonkoly@locklaw.com

David M. Cialkowski (*pro hac vice*)
Ian F. McFarland (*pro hac vice*)
Zachary J. Freese (*pro hac vice*)
**ZIMMERMAN REED LLP**
1100 IDS Center
80 S. 8th St.
Minneapolis, MN 55402
Telephone:    (612) 341-0400
Facsimile:    (612) 341-0844
david.cialkowski@zimmreed.com
ian.mcfarland@zimmreed.com
zachary.freese@zimmreed.com

Daniel E. Gustafson (*pro hac vice*)
Daniel C. Hedlund (*pro hac vice*)
Michelle J. Looby (*pro hac vice*)
Joshua J. Rissman (*pro hac vice*)
Anthony J. Stauber (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone:    (612) 333-8844
Facsimile:    (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com
tstauber@gustafsongluek.com

Alec Schultz (*pro hac vice*)
Ellen Belfer (*pro hac vice*)
**HILGERS GRABEN PLLC**
1221 Brickell Avenue, Suite 900
Miami, FL 33131
Telephone:    (305) 630-8304
aschultz@hilgersgraben.com
ebelfer@hilgersgraben.com

*Interim Co-Lead Counsel for the Proposed
Direct Purchaser Class*


<u>/s/ Laura C. Fellows</u>
Richard M. Paul III (*pro hac vice*)
Laura C. Fellows (*pro hac vice*)
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone:    (816) 984-8100
Rick@PaulLLP.com
Laura@PaulLLP.com


Jeffrey D. Klobucar (*pro hac vice*)
Casey D. Marshall (*pro hac vice*)
**BASSFORD REMELE**
A Professional Association
100 South Fifth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone:    (612) 333-3000
jklobucar@bassford.com
cmarshall@bassford.com

*Interim Co-Lead Counsel for the Proposed
Indirect Purchaser Class*

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, [print full name], of _____ [print or type full address], declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York, in the case captioned *In re Eyewear Antitrust Litigation*, No. 1:24-cv-04826-MKV.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.

Date: _____

Printed Name: _____

Signature: _____

**<u>EXHIBIT B</u>**

ACKNOWLEDGMENT AND
AGREEMENT TO BE BOUND

I understand that the information that I receive and documents that I see in connection with this [mock jury or focus group] may contain confidential or highly confidential information ("Protected Material").

I have been informed that there is a Court Order that prohibits the disclosure of this Protected Material.

I agree to keep this Protected Material confidential and I will not use it for any purpose other than the [mock jury or focus group].

I will not disclose or discuss this Protected Material in any manner to any person or entity, except as part of the [mock jury or focus group].

I understand that I am not permitted to retain copies of or notes reflecting any Protected Material and I will not keep any such writings.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____

Signature: _____